IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MEGAN C. EDMUNDS LEWIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION No. 4:24-cv-553-O-BP |
| § | |
| CITY OF FORT WORTH, TEXAS, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Megan C. Edmunds Lewis' Complaint, filed June 14, 2024. ECF No. 1. Her case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 5. After considering the pleadings and applicable legal authorities, and as part of the 28 U.S.C. § 1915(e)(2) screening process, the undersigned **RECOMMENDS** that United States District Judge Reed C. O'Connor **DISMISS** this case with prejudice, as the pleadings do not state a claim upon which relief can be granted.

**I.    BACKGROUND**

Plaintiff Megan C. Edmunds Lewis ("Lewis") filed a wide-ranging complaint against the City of Fort Worth ("the City"). ECF No. 1. Her allegations fall into three general categories. First, liberally construing her complaint, she appears to bring a claim under 42 U.S.C. § 1983 against the City for violating her Fourth Amendment right to be free from unreasonable searches (in the form of surveillance and hacking) and unreasonable seizure (in the form of wrongful arrests). ECF No. 1 at 3-4, 7. Second, she appears to bring state tort claims against the City for negligence, intentional infliction of emotional distress, and defamation. ECF No. 1 at 7. Third, she brings a variety of other miscellaneous claims, the text of which are either not properly copied in the

complaint or which are delusional. ECF No. 1 at 8-15. None of these claims survive judicial screening under § 1915.

## II. LEGAL STANDARD

### A. Section 1915 Screening

When a plaintiff is proceeding *in forma pauperis*, the Court is authorized to screen plaintiff's case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B); *see also Newsome v. E.E.O.C.,* 301 F.3d 227, 231-33 (5th Cir. 2002). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Pursuant to this provision, the Court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A finding of factual frivolousness is appropriate when the claims describe "fantastic or delusional scenarios," or "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32-33.

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6)

motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A statute of limitations may support dismissal under Rule 12(b)(6) when it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or avoidance of the bar. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### C. Pro Se Plaintiffs

A pro se plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A pro se complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers....'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). If the district court determines that a plaintiff has pleaded his or her best case, however, the court does not err in dismissing a pro se complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).

## III. ANALYSIS

### A. Lewis does not state a Fourth Amendment claim for which relief can be granted.

The Fourth Amendment to the United States Constitution guarantees the right to be secure "against unreasonable searches and seizures." U.S. Const. amend. IV. Liberally construed, Lewis argues that the City unreasonably searched her by "hacking electronics" (ECF No. 1 at 4) and

"hidden cameras and satellite technology use inside my home." ECF No. 1 at 7. However, these brief allegations do not suffice to raise her right to relief "above the speculative level." *Twombly*, 550 U.S. at 555 (2007).

She also appears to argue that the City unreasonably seized her, as she makes multiple references to "false arrests" and "wrongful arrests." ECF No. 1 at 3, 4, 7. But these are "conclusory allegation[s]" that do not raise her right to relief "above the speculative level." *Twombly*, 550 U.S. at 555, 557. Furthermore, since she alleges that these false arrests occurred in December 2019 and February 2022, the Texas two-year statute of limitations applicable to § 1983 claims would bar them. *Owens v. Okure*, 488 U.S. 235, 245-48, 251 (1989) (explaining that a state's general or residual statute of limitations for personal injury serves as the statute of limitations for § 1983 claims.); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761 (5th Cir. 2015) ("In Texas, applying the 'general or residual' personal injury statute of limitations means applying the two-year period in Section 16.003, regardless of whether the facts underlying the particular claim make an exception potentially applicable."). Accordingly, Judge O'Connor should **DISMISS** Lewis' Fourth Amendment claims brought under § 1983.

**B.   Lewis does not state any state tort claims for which relief can be granted.**

Lewis also brings claims for negligence, intentional infliction of emotional distress, and defamation. ECF No. 1 at 7. However, her references to negligence are conclusory, and her intentional infliction of emotional distress claims against the City fail because the Texas Tort Claims Act ("TTCA") does not waive the City's immunity from such claims. Although the TTCA waives sovereign immunity for various types of claims, it "does not waive immunity for claims arising out of intentional torts." *City of Watauga v. Gordon*, 434 S.W.3d 586, 594 (Tex. 2014); *see also* Tex. Civ. Prac. & Rem. Code § 101.057(2) ("This chapter does not apply to a claim: . . . (2)

arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities."). Furthermore, the statute of limitations for defamation is one year, and to the extent that the Court can comprehend Lewis' allegations about when the defamation occurred, it appears to have taken place in 2021. ECF No. 1 at 11-12. Therefore, the statute of limitations would bar Lewis' claim for defamation. *Hamad v. Center for Jewish Community Studies*, 265 F. App'x 414, 417 (5th Cir. 2008). Therefore, Judge O'Connor should **DISMISS** Lewis' tort claims.

      **C.**     **Lewis' other claims are fanciful and should be dismissed.**

Lewis makes a variety of other outlandish claims in support of her argument that she should receive custody of her children and fifty million dollars, and that the Court should order that all false diagnoses and police reports be removed. ECF No. 1 at 5. For instance, she references "chemical exposure, psychological torture, swelling of internal + external body through use of high voltage shocking and electricity," as well as "radiation poisoning, electronic targeting to brain," and "high levels of mercury." *Id*. If liberally construed as allegations of battery, these claims would fail because battery is an intentional tort for which the TTCA does not waive sovereign immunity. Tex. Civ. Prac. & Rem. Code § 101.057(2). Additionally, these allegations are best understood as "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 32-33 (internal citations and quotations omitted). Lewis also makes other fanciful claims that are difficult to fully comprehend because the right-hand portion of some of her writings included in her complaint are cut off. ECF No. 1 at 8-14. Nevertheless, Judge O'Connor should **DISMISS** all of Lewis' fanciful claims, as no amount of liberal construction and amendment of pleadings could extract from them a claim upon which relief can be granted.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** all of Megan C. Edmunds Lewis' Complaint (ECF No. 1) under 28 U.S.C. § 1915(e)(2) as delusional and frivolous, and for failure to state a claim.

**SIGNED** on June 24, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE
